'hear' implies that some one is before the court to speak; to 'determine' involves the possibility of framing an issue to determine." Brown, Jur. § 41. Therefore a judgment against two or three joint debtors on a citation served on but one, though authorized by the laws of the state, is not binding elsewhere upon any of the defendants who were not within the state, and who did not appear in the action. Personal judgments thus rendered have no operation out of the limits of the state where rendered. Their effects are merely local. Freem. Judgm. § 574; Black, Judgm. § 913.

If the action on the judgment had been brought against Newell alone, and it had been alleged that by reason of the nonservice of process on Wight the judgment, as one *in personam*, was enforceable only against Newell, the complaint as to him would have been good. This was the precise question decided in *Hanley* v. *Donoghue*, 116 U. S. 1, 6 Sup. Ct. Rep. 242, and to the same effect see *Burt* v. *Delano*, 4 Cliff. 611; *Swift* v. *Stark*, 2 Or. 97. The court in those cases held that this was giving to the judgment the effect which the United States constitution and statutes contemplated. But, as to the defendant who was not served, the judgment has only a qualified validity, and is not enforceable, even in the state where rendered, against his individual property. It is clear, therefore, that it will constitute no bar to an action against him in any other state on the original cause of action. *Stone* v. *Wainwright*, 147 Mass. 201, 17 N. E. Rep. 301; *Shirley* v. *Shattuck*, 13 Metc. (Mass.) 256. In *Oakley* v. *Aspinwall*, 4 N. Y., at page 521, BRONSON, C. J., held that such a judgment was regarded as void in this state, and, speaking of the old joint debtor act, applicable to domestic judgments, said that even such a "judgment was, at the most, only *prima facie* evidence against the defendant who was not served with process; and that only where he pleaded nothing but *nul tiel record* he might so plead as to put the original cause of action in issue, or show it barred by the statute of limitations, and thus destroy the whole force and effect of the judgment as evidence against him in the new action." And MULLETT, J., in the same case, (at page 535,) said: "Such a judgment is, in effect, no judgment against the person who was not served with the process, and did not appear in the suit in which it was rendered." Without commenting on the cases cited by the plaintiff, (all of which have been carefully examined,) or distinguishing them from the one at bar, it is sufficient to hold, upon principle as well as authority, that the foreign judgment set out in the pleadings in no manner affects the liability of the defendant Wight to the plaintiff concerning the right of action pleaded. In a common-law action against two or more defendants on a joint obligation, the allegations in the pleading must affect their ultimate liability in some material respect. Those that do not will be stricken out on motion of the defendants to whom they do not apply. As to them, such allegations are wholly irrelevant, and they may, with propriety, invoke the rule that the matter which is not material nor the subject of proof, and cannot affect the decision of the court, must be stricken out. Code, § 545; *Woods* v. *Morrell*, 1 Johns. Ch. 103; *Bank* v. *Kitching*, 11 Abb. Pr. 435; *Kurtz* v. *McGuire*, 5 Duer, 660. Motion to strike out and to compel plaintiff to separate the causes of action for goods sold and on the promissory note, granted, with $10 costs.

---

LORILLARD v. CLYDE *et al.*

*(Superior Court of New York City, General Term.* October 24, 1892.)

CONTRACT—DIVIDEND ON STOCK—ACTION TO RECOVER—DISSOLUTION—DEFENSE.

Prior to the formation of a corporation by plaintiff and defendants, they entered into a contract to the effect that defendants should have the management of the corporation, and would guaranty to plaintiff specified dividends for seven years. The contract was to exist independently of the corporation. Five years after its formation, plaintiff, by action in the name of the people, in which he was joined,

procured a dissolution of the corporation. *Held,* that the procuring of such dissolution by plaintiff was no defense to an action by him on such contract to recover dividends accruing thereafter. 15 N. Y. Supp. 809, affirmed, without opinion.

Appeal from trial term.

Action by Jacob Lorillard against William P. Clyde and Benjamin F. Clyde to recover money due on a contract. From a judgment for plaintiff, defendants appeal.

For opinion at trial term, see 15 N. Y. Supp. 809.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Boardman & Boardman,* (*James C. Carter* and *William N. Dykeman,* of counsel,) for appellants. *Glover, Sweezy & Glover,* (*David Leventritt* and *Asa Bird Gardiner,* of counsel,) for respondent.

PER CURIAM. The judgment appealed from is affirmed, with costs, on the opinion of the court below.

---

GERMAN SAV. BANK OF CITY OF NEW YORK *v.* FRIEND *et al.*

(*Superior Court of New York City, General Term.* October 24, 1892.)

1. INTERPLEADER—EFFECT OF DISCLAIMER.
   Where several persons claim money deposited in a savings bank, and the depositor makes an affidavit that he assigned the money deposited to other claimants, such depositor cannot be impleaded by the bank in an action against adverse claimants.

2. SAVINGS BANK—DEPOSIT—CLAIM BY TITLE SUPERIOR.
   A savings bank cannot interplead an adverse claimant of a deposit who claims by title superior to that of the depositor, where such adverse claimant does not proceed by process of law to enforce his rights.

3. SAME—ACTION BY ASSIGNEE OF DEPOSIT—INJUNCTION.
   In an action by a savings bank against a depositor, alleged assignees of the depositor, and one P., who claimed that the depositor stole the money deposited from him, it appeared that the depositor made affidavit that he assigned the deposit to the defendants, claiming as assignees; that the charge of larceny by P. against the depositor was dismissed by the grand jury; and that P. had not asserted his right to the deposit by process of law. *Held,* that plaintiff was not entitled to an injunction to restrain such assignees from prosecuting an action at law to recover the money deposited, since defendants could not be required to interplead as adverse claimants.

Appeal from special term.

Action by the German Savings Bank of the city of New York against Emanuel Friend, Frederick B. House, Thomas Podrasky, and Jacob Guttman, to determine the adverse claims of defendants to money deposited in plaintiff bank, and for an injunction against defendants Friend and House. From an order denying a motion for the injunction, plaintiff appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

*Sanders, Wagner & Auerbach,* (*Lewis Sanders,* of counsel,) for appellant. *McIntyre & Settel,* (*Frederick B. House,* of counsel,) for respondents.

GILDERSLEEVE, J. On or about the 7th day of April, 1892, the defendant Guttman deposited the sum of $180 with the plaintiff, which is a savings bank organized under the laws of this state. Subsequently the defendants Friend and House made a demand upon the plaintiff for said sum so deposited, claiming that it had been assigned to them by the defendant Guttman, and they brought a suit in the city court to recover such sum, which suit is defended by this plaintiff on the ground that it knows of no such assignment by Guttman to Friend and House. Plaintiff further claims that the defendant Guttman still claims the deposit as his own, and that the defendant Podrasky also has made a demand on plaintiff for it, claiming that said money was stolen from him by the defendant Guttman. Plaintiff has